MAHONING COUNTY BAR ASSOCIATION *v.* DANN.

[Cite as *Mahoning Cty. Bar Assn. v. Dann,*
101 Ohio St.3d 266, 2004-Ohio-716.]

(No. 2003–1514—Submitted December 1, 2003—Decided March 3, 2004.)

---

**Per Curiam.**

{¶ 1} Respondent, Marc E. Dann of Youngstown, Ohio, Attorney Registration No. 0039425, was admitted to the Ohio bar in November 1987. On April 14, 2003, relator, Mahoning County Bar Association, charged respondent with violations of the Code of Professional Responsibility. A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement, which included a joint recitation of the facts, admitted misconduct, and suggested sanction. See Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline.

{¶ 2} The parties agreed that in 2002, respondent represented a client subject to a qualified domestic relations order ("QDRO") that provided for the client's ex-wife to receive $3,000 in the client's pension benefits, payable in monthly installments of $200. The client paid respondent $250 to see whether an arrangement could be made wherein the client would pay the $3,000 in a lump sum, instead of withholding monthly. Respondent accepted the $250 fee and deposited the $3,000 in his law firm's trust account.

{¶ 3} Respondent attempted to contact the ex-wife in writing on June 4 and 11, 2002. Two weeks later, respondent filed a motion to terminate spousal support, rather than to arrange the lump-sum satisfaction of the QDRO. In fact, no spousal support order existed.

{¶ 4} More confusion ensued. When respondent did reach the ex-wife, he asked her to come to his office, sign papers to terminate the QDRO, and be paid the $3,000 sum. The ex-wife went to respondent's office, but apparently his staff did not provide papers for her to sign. Respondent later advised his client, believing it to be true, that the ex-wife had signed the requisite agreement. He then compounded the confusion by waiting until July 23, 2002, at the hearing on the spousal support motion, to explain to the client and ex-wife what was going on.

{¶ 5} The court dismissed the erroneously filed motion to terminate spousal support, and after the hearing, the client discharged respondent. Respondent returned $2,940 to the client by a check drawn from his client trust account, explaining that $60 had been deducted as a filing fee for the motion to stop spousal support. The client filed a grievance, and respondent reviewed the situation during relator's investigation, only then realizing how he had mishandled the client's case. Respondent consequently apologized to the client in writing and refunded his $250 fee and the $60 his office had mistakenly deducted.

{¶ 6} The parties agreed that respondent had violated DR 6–101(A)(2) (handling a legal matter without adequate preparation). The parties also stipulated mitigating factors, see Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on

Grievances and Discipline, and jointly suggested that respondent be publicly reprimanded for this misconduct.

{¶ 7} After considering that respondent had no prior disciplinary record, had not committed misconduct out of self-interest, had refunded all of his client's money and his fee, and previously had a reputation for competence, professionalism, and community service, the panel accepted the parties' consent-to-discipline agreement. The panel thus found respondent in violation of DR 6–101(A)(2) and recommended a public reprimand. The board also accepted the agreement, found the proposed misconduct, and recommended a public reprimand.

{¶ 8} We agree that respondent committed the cited misconduct and that a public reprimand is appropriate. Accordingly, respondent is hereby publicly reprimanded for having violated DR 6–101(A)(2). Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———

Ronald E. Slipski and David C. Comstock Jr., for relator.

Mark H. Aultman, for respondent.